DEVIN, J., dissenting.
CLARKSON and SEAWELL, JJ., concur in dissent.
This is an action against the Southern Railway Company and its employees for the wrongful death of the plaintiff's intestate alleged to have been caused by the negligent failure of the defendants to avail themselves of the last clear chance to avoid running a train over and *Page 274 
fatally injuring the plaintiff's intestate while down helpless on the track of the defendant company. The action was instituted in the general county court of Buncombe County and there tried upon the issues of negligence, contributory negligence, last clear chance, and damage. All of the issues, except the second relating to contributory negligence, were answered in favor of the plaintiff, and from judgment predicated upon the verdict, the defendants appealed to the Superior Court of Buncombe County. In the Superior Court all of the assignments of error brought forward by the appellants were overruled and judgment was entered affirming the judgment of the county court. From this judgment the defendants appealed to the Supreme Court, assigning errors.
The appellants assign as error the refusal of the trial court to allow their motion for judgment as in case of nonsuit lodged when the plaintiff had introduced his evidence and rested his case, and renewed when all of the evidence was in. C. S., 567.
When viewed in the light most favorable to the plaintiff, as it must be upon a demurrer thereto, the evidence tends to show that the plaintiff's intestate, while drunk, was upon the track of the defendant company about 2 1/2 miles east of Canton, and that the company's freight train, operated by the individual defendants, while going in a westerly direction from Asheville to Canton, ran over the plaintiff's intestate, thereby severing his right hand and crushing his left elbow, from which wounds he died; that the intestate "was lying with one elbow and hand on the track when the train came along"; that the track east of the place where the intestate was run over is practically straight for some distance and is down grade, that the train of the defendant company was composed of two engines and 37 cars, some loaded and some unloaded, and was running between 20 and 30 miles per hour and could have been stopped in 150 to 200 feet; that the place where the intestate was run over could be seen from down the track east 200 or 300 yards; that the train did not slow up or stop; that neither of the engineers nor other employees of the defendant company saw the intestate on the track.
While there is evidence that the intestate "was lying with one elbow and hand on the track when the train came along," the evidence is silent as to how long the intestate had been in this position when he was run over. In fact, the appellee in his brief states, in reference to the testimony of Dr. Rich, by whom it was sought to show the position of the intestate when run over by the train, that "we point again to the fact *Page 275 
that Dr. Rich did not undertake, in any part of his testimony or in any answer on direct or cross-examination, to say when or how long the deceased had been upon the track before the train which injured him came along."
Although there is evidence tending to show that if he had been down on the track a sufficient length of time the intestate could have been seen from the engine soon enough to have stopped the train and avoided running over him, there is no evidence as to how long he had been in that position. When last seen by anyone the intestate was to the side of the track some 8 or 10 feet, in a drunken condition. It is just as reasonable and just as probable that the intestate staggered into the side of the moving train as it came by him, as it is that he was prone and apparently helpless on the track before the train reached him; and the burden is upon the plaintiff to do something more than balance probabilities.
As was said by Winborne, J., in Mercer v. Powell, 218 N.C. 642, in the most recent utterance of this Court upon the doctrine of the last clear chance when sought to be applied in cases of this kind: ". . . the burden is upon the plaintiff to show by proper evidence: (1) That at the time the injured party was struck by a train of defendant he was down, or in an apparently helpless condition on the track; (2) that the engineer saw, or, by the exercise of ordinary care in keeping a proper lookout could have seen the injured party in such condition in time to have stopped the train before striking him; and (3) that the engineer failed to exercise such care, as the proximate result of which the injury occurred. Upton v. R. R.,supra (128 N.C. 173, 38 S.E. 736); Clegg v. R. R., supra (132 N.C. 272,43 S.E. 826); Henderson v. R. R., 159 N.C. 581, 75 S.E. 1092;Smith v. R. R., 162 N.C. 30, 77 S.E. 966; Davis v. R. R., 187 N.C. 147,120 S.E. 827; George v. R. R., 215 N.C. 773, 3 S.E.2d 286;Cummings v. R. R., supra (217 N.C. 127, 6 S.E.2d 837.)" See, also,Owens v. So. Ry. Co., 33 Fed.R.2d 870.
Since there is no evidence as to how long the intestate was prone upon the track, the jury could not have found that the engineer saw, or by the exercise of ordinary care could have seen him in such position and condition in time to have stopped the train before striking him.
The testimony of Lawton Johnson, corroborated by other evidence, to the effect that he was crossing the track about 50 yards west of the place where the intestate was run over as the train approached from the east, about three minutes before the train came, about 2 1/2 miles ahead of the train, that he looked east down the track and saw no one standing on the track, that he could have seen a person standing on the track at this place, but he could not have seen a person lying down on the track at this place, is no evidence that the intestate was there prone upon the *Page 276 
track at that time. It is conceded that the intestate was prone upon the track when run over, but as to when he became prone upon the track the evidence is silent.
While we have considered the expert opinion given in answer to a hypothetical question by Dr. Rich to the effect that the intestate was lying down on the track when the train came along we do not decide the question raised by an exception to its competency. We simply hold that even if it be conceded, without deciding, that such evidence is competent as has been held relative to expert opinion testimony based upon personal examination of the body and wounds thereon, McManus v. R. R., 174 N.C. 735,94 S.E. 455, there is no evidence of the fact essential to cases of this nature that the deceased was down or apparently helpless on the track long enough to have been seen by an engineer or other train operative soon enough to have stopped the train in time to have avoided running over him.
Entertaining, as we do, the opinion expressed relative to the demurrer to the evidence, it becomes supererogatory to discuss the other interesting questions presented by the able briefs filed in this case.
The judgment of the Superior Court is
Reversed.