MRS. VERNIA T. LONG, ADMINISTRATRIX GEORGE NORMAN (BUCK) LONG, v. NORFOLK & WESTERN RAILWAY COMPANY; J. E. PRICE AND C. E. WINGFIELD.

(Filed 8 January, 1943.)

**1. Negligence § 10—**

The act of plaintiff's intestate in placing himself in a dangerous position at or near the defendant's railroad track is such an act of negligence on his part as will bar recovery, unless defendant had the last clear chance to avoid the injury.

**2. Same—**

  Evidence tending to show that, at the time plaintiff's intestate was struck by defendant's train, he was down on the track in a helpless condition is not sufficient. The plaintiff must further show (1) that the engineer saw, or by the exercise of ordinary care in keeping a proper lookout, could have seen his intestate in time to have stopped the train before striking him; and (2) that the engineer failed to exercise such care, as the proximate result of which the injury occurred.

**3. Negligence § 19—**

  Where an engineer, operating a railroad train in the night at about 35 miles an hour, was unable to see, as he rounded a curve, a public road crossing 100 feet ahead or any object at or near the same, but did observe an object near the far side of the crossing, somewhat concealed thereby, which he discovered at about 40 feet distant to be plaintiff's intestate, who was instantly killed by the train striking him. *Held:* Judgment of nonsuit at conclusion of evidence proper, and plaintiff's contention that the railroad was responsible for the dangerous location of the crossing, is without merit, as the road in question was a public county road.

APPEAL by plaintiff from *Johnson, Special Judge,* at May Term, 1942, of ORANGE. Affirmed.

Civil action to recover damages for wrongful death.

Defendant operates a railroad extending in a north-south direction from Roxboro to Durham. Near Duncan's Filling Station, 4 or 5 miles south of Roxboro, there is a county road extending easterly from U. S. Highway No. 501, which is west of the railroad, across the railroad to another county road which parallels the railroad on the east. The railroad crossing is just south—less than 120 feet—of a sharp curve in the railroad track, so that at night the engineer or fireman on a train going south cannot see the crossing or any object thereon until the train is within two or three car lengths of the crossing. There are no crossing signs at this crossing.

On 17 September, 1939, at about 4:10 a.m., defendant was operating a double-header freight train going south. As it rounded the curve the fireman, who was operating the forward engine, saw an object near the track about 3 or 4 feet beyond the crossing. The train was then about 2 car lengths from the crossing. When the train was about 1 car length away he discovered that the object was a human being. It was plaintiff's intestate. The body was lying 2 to 4 feet south of the crossing on the outside of and at right angles to the west rail. The head was near the rail and the feet extended toward the ditch. The body was partly concealed from the view of the fireman by the ridge or hump made by the road crossing. No whistle or bell was sounded or other warning given of the approach of the train.

As the train passed some part of the engine struck the head of the deceased, inflicting injuries which caused almost instant death.

LONG *v.* R. R.

The empty Ford automobile of deceased was found some distance away near the intersection of the county road and Highway No. 501. His auto seat cushion was found near-by on the ground in a clump of trees.

There was evidence that at times deceased had a catch in one of his knees that would cause him to fall and it would be from 30 minutes to an hour or so before he could get up. There was no evidence as to why he was on the track or as to how long he had been there.

The court below, at the conclusion of the evidence for plaintiff and on motion of the defendants, entered judgment as of nonsuit. Plaintiff excepted and appealed.

*Graham & Eskridge and K. R. Hoyle for plaintiff, appellant.*
*Guthrie & Guthrie for defendants, appellees.*

BARNHILL, J. The act of the deceased in placing himself in a dangerous position on or near the defendant's railroad track was such an act of negligence on his part as would bar recovery unless the defendant had the last clear chance to avoid the injury. *Mercer v. Powell,* 218 N. C., 642, 12 S. E. (2d), 227, and cases cited; *Justice v. R. R.,* 219 N. C., 273, 13 S. E. (2d), 553. It is on this doctrine of the last clear chance that plaintiff, in part, relies.

Plaintiff offered evidence tending to show that at the time his intestate was struck by the train of defendant he was down on the track in an apparently helpless condition. This is not sufficient. He must further show (1) that the engineer saw, or by the exercise of ordinary care in keeping a proper lookout, could have seen him in time to have stopped the train before striking him; and (2) that the engineer failed to exercise such care, as the proximate result of which the injury occurred. *Mercer v. Powell, supra,* and cases cited; *Justice v. R. R., supra,* and cases cited.

It is not the duty of an engineer to stop his train every time he sees some object on the track. The plaintiff must show that the engineer saw, or by the exercise of ordinary care could have seen, an object having the appearance of a human being lying on or dangerously near the track, and that he saw it, or by the exercise of ordinary care could have seen it, in time to stop his train before striking the body. *Morrow v. R. R.,* 213 N. C., 127, 195 S. E., 383.

The plaintiff has failed to offer evidence tending to establish these two essential facts. On the contrary, all his testimony negatives the existence of either.

As the train came around the curve at night the engineer could not see the crossing or any object on or near it until he was within 100 feet

or less of the crossing. Traveling at 35 miles per hour, as he was on that night, it was impossible for him to stop the train in less than 500 or 600 feet. While the fireman discovered the object when the train was 75 or 80 feet away, he did not discover that it was a human being until he was within 35 or 40 feet. This was due to the fact that the body was beyond and somewhat concealed by the elevation or hump caused by the construction of the county road. On this showing plaintiff is not entitled to recover.

But plaintiff insists that his right to recover under the circumstances of this case, is not dependent entirely upon the doctrine of the last clear chance; that defendant created a condition that made it impossible for its agents in charge of the train to see and observe a human being down on the track at the crossing when otherwise they could have seen him in ample time to have avoided the injury.

He contends that his evidence tends to show that the defendant permitted a private crossing to be maintained across its tracks so close to a sharp curve in the track that in approaching from the north it was impossible, particularly at night, for a person to be seen by the engineer on this crossing until it was too late for him to avoid the injury.

This position assumed by plaintiff would present a novel and interesting question of law if the evidence was sufficient to support it. However, on this record, conceding the correctness of his legal conclusion, there are at least three reasons why plaintiff cannot prevail.

1. It is alleged and the evidence tends to show that this was a county road. A county road is a public road and the public authorities and not the railroad control the location of public crossings. The location of this crossing in close proximity to a curve is not chargeable to the defendant.

2. There is no evidence that plaintiff's intestate was using or attempting to use the crossing so as to make him a licensee rather than a trespasser.

3. Deceased was not on the crossing. He was 2 to 4 feet to the south thereof—at a place where he had no right to be.

Hence, it is not shown either that the defendant permitted the maintenance of the crossing dangerously near a curve or that the existence of the crossing had any relation to the injury and death of plaintiff's intestate other than that it partly obscured the body so that the employee in charge of the train could not discover it earlier than he did. On the circumstances here disclosed the cases cited by plaintiff are inapposite.

For the reasons stated the judgment below is

Affirmed.