J. E. BATTLE v. SOUTHERN RAILWAY COMPANY, MRS. MARGARET COLVILLE, ADMINISTRATRIX OF J. L. COLVILLE, AND W. S. LACKEY.

(Filed 22 September, 1943.)

**Negligence § 10—**

> In an action against a railroad to recover damages for personal injuries to plaintiff, a licensee, the doctrine of last clear chance does not apply unless such licensee is apparently in a helpless condition upon the railroad track, since otherwise the engineer has the right to expect, up to the moment of impact, that he will leave the track in time to avoid the injury.

APPEAL by plaintiff from *Blackstock, Special Judge,* at May Term, 1943, of JACKSON.

*Stillwell & Stillwell and Don C. Young for plaintiff, appellant.*
*W. T. Joyner and Jones, Ward & Jones for defendants, appellees.*

PER CURIAM. This is an action against the Southern Railway Company and its employees for personal injuries to the plaintiff alleged to have been caused by the negligent failure of the defendants to avail themselves of the last clear chance to avoid running a train over the plaintiff while in a helpless condition on the railroad track of the corporate defendant.

When the plaintiff had introduced his evidence and rested his case the defendants moved for a judgment as in case of nonsuit (C. S., 567), which motion was allowed, and from judgment accordant therewith the plaintiff appealed, assigning errors.

Since we are of the opinion, and so hold, that there was not sufficient evidence to be submitted to the jury of the plaintiff being down or in an apparently helpless condition on the track, so that the engineer or fireman saw, or, by the exercise of ordinary care in keeping a proper lookout, could have seen such helpless condition of the plaintiff in time to have stopped the train before striking him, there was no error in the ruling of the court, and the judgment as in case of nonsuit was properly

entered. The doctrine of last clear chance does not apply in cases of this nature unless the licensee upon a railroad track is in an apparently helpless condition, since otherwise the engineer has the right to expect up to the moment of impact that he will leave the track in time to avoid injury. *Justice v. R. R.*, 219 N. C., 273, 13 S. E. (2d), 553; *Mercer v. Powell*, 218 N. C., 642, 12 S. E. (2d), 227.

The judgment is

Affirmed.