EDWARD OSBORNE, ADMINISTRATOR OF HOWARD S. ROOP, DECEASED, v. NORFOLK AND WESTERN RAILWAY COMPANY.

(Filed 2 February, 1951.)

**1. Railroads § 5—**

> A person who enters on a railroad track without license, invitation, or other right, occupies the *status* of a trespasser.

**2. Same—**

> A railroad company is not liable for the death of a contributorily negligent trespasser killed upon its track unless the doctrine of last clear chance or discovered peril applies.

**3. Same—**

> In order for the doctrine of last clear chance or discovered peril to apply to a trespasser upon a railroad track who is struck by an engine, it must be made to appear (1) that he was struck by defendant's engine, (2) that at the time he was down or in an apparently helpless condition upon the

track, (3) that the train crew either saw or by the exercise of ordinary care could have seen him in such condition in time to have enabled them, by the exercise of ordinary care, to stop the train before striking him, and (4) that they failed to exercise such care and thereby proximately caused the injury.

**4. Same—**

Evidence tending only to show that intestate was last seen sitting on the end of a crosstie in an intoxicated condition an hour before his fatal injury, that at the place in question the engineer could have seen a man sitting on the track for 380 feet, and that the train which struck intestate could have been stopped within a distance of from two to three hundred feet, *is held* insufficient to invoke the doctrine of last clear chance or discovered peril.

APPEAL by plaintiff from *Moore, J.,* at the July Term, 1950, of ASHE.

Civil action in which an administrator seeks to hold a railroad company liable for the death of his intestate under the last clear chance or discovered peril doctrine.

The complaint alleges in specific detail that the operatives of the defendant's train negligently struck and killed the intestate after actual or constructive discovery that he "was sitting or lying on the defendant's track in an apparently helpless and unconscious condition."

The plaintiff offered testimony tending to show that the defendant, Norfolk and Western Railway Company, operates a line of railway between West Jefferson, North Carolina, and Abingdon, Virginia; that his intestate, Howard S. Roop, an industrious man, was last seen in an uninjured state by the plaintiff's witness, Claude Spencer, in a mountainous section of Ashe County, North Carolina, sometime "between two and three o'clock" on the afternoon of 3 November, 1947; that the intestate was then sitting on the east end of a cross-tie underlying the rails of the defendant's track with his back toward the rails; that the intestate then had some whiskey in his possession, and was intoxicated to an undetermined degree; that none of the witnesses saw the intestate or had any personal knowledge of any of his actions between the time he was last seen by Claude Spencer and four o'clock on the same afternoon, when he was struck and fatally injured by the lead engine of the defendant's train, which was moving northward over the track at a speed of fifteen miles an hour; that none of the operatives of the defendant's train except the engineer in charge of the lead engine saw the intestate until after his body had come to rest in a ditch to the east of the railroad track immediately after the accident; that "there was a two-inch cut on his head just back of the right ear, and a one-inch cut on the top of his head, (and) his right thigh was broken about six inches below the hip joint"; that no blood or "anything" appeared on the railroad track after the accident, but some blood was then observed in the ditch "a foot or two or three" to the east of the end of the cross-ties; that virtually the same quantity of whiskey

as that possessed by the intestate when Claude Spencer left him "sitting on the cross-tie . . . sometime between two and three o'clock" was discovered at the scene of the accident just after its occurrence; and that in the opinion of the plaintiff's witness, Howard Steelman, who did not see the accident, the engineer on a northbound train "approaching the point indicated by . . . Spencer as the point at which he left Howard Roop sitting could see a man sitting for 380 feet or a little more," and the train which struck the intestate could have been stopped "with safety to its crew and passengers within a distance of two or three hundred feet."

The plaintiff also offered in evidence an adverse examination in which the engineer in charge of the lead engine of the defendant's northbound train deposed as follows: "I could not tell whether Howard Roop was struck by the train I was operating. . . . The first time that I saw him, and the only time I saw him, was when he came straight out from the front of the engine. . . . He looked sort of like he was stooped in a jumping position. . . . He was in the air . . . When I first saw him, I put on the air brakes . . . After the train was stopped, he was lying down in the ditch line on a sloping rock."

The action was dismissed upon a compulsory judgment of nonsuit in the court below after the plaintiff had introduced his evidence and rested his case, and the plaintiff thereupon appealed, assigning that ruling as error.

*Higgins & McMichael and Bowie & Bowie for plaintiff, appellant.*
*Craige & Craige and Johnston & Johnston for defendant, appellee.*

ERVIN, J. Inasmuch as he entered upon the railroad track of the defendant without license, invitation, or other right, the intestate occupied the status of a trespasser at the time of his fatal injury. 44 Am. Jur., Railroads, section 424; 52 C.J., Railroads, section 2105. Under the evidence, he was clearly guilty of contributory negligence which will preclude his administrator from recovering damages from the defendant for his death unless the facts warrant the application of the last clear chance or discovered peril doctrine. *Long v. R. R.,* 222 N.C. 523, 23 S.E. 2d 849.

When recovery is sought of a railroad company for the death of a trespasser on its railroad track under the doctrine of last clear chance or discovered peril, the personal representative of the deceased trespasser must offer evidence sufficient to establish these four elements:

1. That the decedent was killed by the railroad company's train.

2. That at the time of his fatal injury, the decedent was down or in an apparently helpless condition on the railroad track.

3. That the operatives of the railroad company's train either actually saw, or by the exercise of ordinary care in keeping a proper lookout could have seen, the decedent in such condition on the railroad track in time to have enabled them, by the exercise of ordinary care, to stop the train and avoid the killing.

4. That the operatives of the railroad company's train failed to exercise such care, and thereby proximately caused the death of the decedent. *Battle v. R. R.,* 223 N.C. 395, 26 S.E. 2d 859; *Long v. R. R., supra; Justice v. R. R.,* 219 N.C. 273, 13 S.E. 2d 553; *Mercer v. Powell,* 218 N.C. 642, 12 S.E. 2d 227; *Cummings v. R. R.,* 217 N.C. 127, 6 S.E. 2d 837; *Draper v. R. R.,* 161 N.C. 307, 77 S.E. 231; *Henderson v. R. R.,* 159 N.C. 581, 75 S.E. 1092; *Clegg v. R. R.,* 132 N.C. 292, 43 S.E. 836; *Upton v. R. R.,* 128 N.C. 173, 38 S.E. 736.

When the testimony presented by the plaintiff in the court below is appraised at its full probative value, it is insufficient in law and logic to establish the second, third, and fourth elements set out above. As a consequence, the plaintiff is not entitled to invoke the last clear chance or the discovered peril doctrine, and the compulsory judgment of nonsuit must be

Affirmed.