MRS. FLORENCE E. ELLIS, ADMINISTRATRIX OF THE ESTATE OF VERNON ELLIS, DECEASED, v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 30 March, 1955.)

**1. Appeal and Error § 23—**

Where the exceptions are not grouped, the assignments of error will not be considered, but the appeal itself will be treated as an exception to the judgment. Rule 19-3 of the Rules of Practice of the Supreme Court, G.S. 1-282.

**2. Railroads § 5—**

Where plaintiff's evidence discloses that her intestate was last seen alive about 10:30 p.m. and that his mutilated body was found about 7:30 the next morning lying near the crossties of defendant's track, the evidence may be sufficient to establish that intestate was killed by one of defendant's trains during the night, but it does not establish that he was killed by a particular train, and therefore evidence as to the manner in which a particular train was operated that night does not prove that its manner of operation was the proximate cause of intestate's death.

**3. Same—**

> If a person enters upon a railroad track at a place other than a crossing
> or public pathway, he is a trespasser and his act of placing himself on or
> near the track constitutes contributory negligence, barring recovery for his
> death unless the doctrine of last clear chance is applicable.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Martin, Special Judge,* January Term, 1955,
of JOHNSTON.

This is an action for the alleged wrongful death of plaintiff's intestate.

The plaintiff alleges that her intestate was killed about 11:50 p.m. on
29 May, 1952, while walking along and crossing the railroad of defendant
in the immediate vicinity of the Mitchner Island crossing between Smith-
field and Four Oaks, North Carolina. That defendant's 11:50 p.m. train
on that date was being operated at an excessive rate of speed, without
sounding any warning of its approach to said crossing and without being
equipped with proper headlights, and that the engineer of said 11:50
train which killed the said plaintiff's intestate, failed to stop said train
after killing plaintiff's intestate.

According to the evidence, the intestate left his home about 8:30 p.m.
on 29 May, 1952, for the purpose of going to Haggard's store for cigar-
ettes. He was at Haggard's store around 10:00 p.m. and left there and
went to Big Planters Warehouse where he was last seen alive, about 10:30
p.m. His body was found about 7:30 a.m. on 30 May, 1952, lying about
three feet from the end of the crossties, on the west side of defendant's
southbound track.

One witness testified that he identified the tracks of the intestate in a
path back of Big Planters Warehouse which led to the railroad; that he
observed the tracks a distance of about 75 yards before they reached the
railroad; that he saw the tracks on the edge of the crossties and that the
tracks began to fade out. It was 1,100 yards from where the tracks
entered the railroad to where the body was found. The body was found
about 300 yards from the nearest public crossing and about 100 yards
from where a footpath crossed the tracks. The intestate's right hand was
bruised and little particles of human skull were found lying on the end
of the cross-ties, and he had a hole knocked in the top of his head about
the size of a fifty-cent piece.

The plaintiff offered another witness who testified that he lives some
700 yards from where plaintiff's intestate got killed; that he lives about
550 yards from the railroad; that on the night in question he saw defend-
ant's train going south at about 70 miles per hour, and that there were
no lights on the front of the train. No one saw plaintiff's intestate on
or near the defendant's railroad tracks immediately prior to his death.

At the close of plaintiff's evidence, the defendant moved for judgment as of nonsuit. The motion was sustained and judgment entered accordingly. Plaintiff appeals, assigning error.

*E. Reamuel Temple, Jr., and J. R. Barefoot for plaintiff, appellant.*
*Larry F. Wood for defendant, appellee.*

DENNY, J. The appellant's exceptions are not grouped as required by the Rules of Practice in the Supreme Court, Rule 19 (3), 221 N.C. at page 553, *et seq.* However, the appeal itself will be treated as an exception to the judgment, *Casualty Co. v. Green,* 200 N.C. 535, 157 S.E. 797, but the other purported assignments of error which do not comply with our rules, may not be considered. G.S. 1-282; *S. v. Bittings,* 206 N.C. 798, 175 S.E. 299.

If it be conceded that the plaintiff's intestate was killed by one of the defendant's trains, the evidence is not sufficient to establish the fact that he was killed by its 11:50 p.m. southbound train on 29 May, 1952, as alleged in the complaint. Therefore, any conclusion as to which one of the defendant's trains killed the plaintiff's intestate would have to be based on mere speculation. Consequently, the evidence offered by the plaintiff in the trial below fails to show that the manner in which the defendant operated its 11:50 p.m. train on 29 May, 1952, was the proximate cause of the death of plaintiff's intestate.

Moreover, if the plaintiff's intestate entered upon or near the defendant's railroad tracks under the circumstances which the evidence tends to show, his status at such time was that of a trespasser. The accident, according to the evidence, occurred at least 300 yards from the nearest crossing. His act in placing himself in a dangerous position, on or near the defendant's railroad tracks, constituted such negligence on his part as would preclude a recovery of damages from the defendant for his death, unless the defendant had the last clear chance to avoid the injury. *Lee v. R. R.,* 237 N.C. 357, 75 S.E. 2d 143; *Osborne v. R. R.,* 233 N.C. 215, 63 S.E. 2d 147; *Long v. R. R.,* 222 N.C. 523, 23 S.E. 2d 849; *Justice v. R. R.,* 219 N.C. 273, 13 S.E. 2d 553; *Mercer v. Powell,* 218 N.C. 642, 12 S.E. 2d 227; *Cummings v. R. R.,* 217 N.C. 127, 6 S.E. 2d 837. And the appellant admits in her brief that the doctrine of last clear chance does not apply in this case, and points out that it is not pleaded. *Bailey v. R. R.,* 223 N.C. 244, 25 S.E. 2d 833.

The ruling of the court below is
Affirmed.

BARNHILL, C. J., took no part in the consideration or decision of this case.