PeaRSON, C. J.
 

 The Legislature has deemed it expedient to enlarge the grounds, upon which divorces may be obtained; but as a check or restraint on applications for divorces, and to guard against abuses, it is provided, that the cause or ground on which the divorce is asked for, shall b'e set forth in the petition “particularly and specially.” It is settled by the decisions of this Court, that this provision of the statute must be strictly observed, and the cause, or causes for which the divorce is prayed, must be set forth so, “particularly and specially,” as to enable the court to see on the face of the petition, that if the facts alleged are true, the divorce ’ought to be granted: Ev
 
 erton
 
 v.
 
 Everton,
 
 5 Jones’ 202. The correctness of this construction is demonstrated by the fact, that, upon appeals from an order, allowing alimony pending the suit, like the present, this Court is confined expressly to an examination of,the cause or causes of divorce, as set out on the face of the petition, and can look at nothing else, in making up the decision : Rev, Code, chap. 40, sec. 15.
 

 
 *324
 
 By the rales of pleading in actions at the common law, every allegation of fact, must be.accompanied by an allegation of “time and place.” This rule was adopted in order to insure proper certainty in pleading, but a variance in the
 
 alle-gata and probata,
 
 that is a failure to prove the precise time and place, as alleged in the pleading, was held not to be fatal, unless time or place entered into the essence and made a material part of the fact relied on, in the pleading.
 

 There is nothing on the face of this petition to show us that time was material, or a part of the essence of the alleged cause of divorce; that is, that the blows were inflicted at a time when the wife was in a state of pregnancy, with an intent to cause a miscarriage, and put her life in danger, and there is nothiug to show us that the place was a part of the essence of the cause of divorce, that is, that the blows were inflicted in a
 
 public
 
 place, with an intent to disgrace her and make her life insupportable, so we are inclined to the opinion that it was not absolutely necessary to state the time and place, or if stated, that a variance in the proof, in respect to time and place, would not be held fatal.
 

 But we are of opinion that it was necessary to state the cer-cumstances, under which the blow with the horse-whip, and the blows with the switch were given ; for instance, what was the conduct of the petitioner; what had she done, or said, to induce such violence on the part of the husband? We are informed by the petitioner that she was a woman, “well-bred, and of respectable family, and that her husband was not less than a fair match for her.” There is no allegation that he. was drunk, nor was there any imputation of unfaithfulness on either side, (which is the most common ingredient of applications for divorce,) so there was an obvious necessity for some explanation, and the cause of divorce could not be set forth, “particularly and specially,” without stating the circumstances which gave rise to the alleged grievances.
 

 It was said on the argument, that the fact, that a husband, on one occasion, “struck his wife with a horse-whip, aud bn another occasion, with a switch, leaving several bruises on her
 
 *325
 
 person,” is,
 
 of itself
 
 ’ a sufficient cause of divorce, and consequently the circumstances which attended the infliction of these injuries, are immaterial, and need not be set forth. This presents the question in the case:
 

 The wife must be subject to. the husband. Every man must govern his household, and if by reason of an unruly temper, or an unbridled tongue, the wife persistently treats her husband with disrespect, and he submits to it, he not only loses all sense of self-respect, but loses the respect of the other members of his family, without which, he cannot expect to govern them, and forfeits the respect of his neighbors. Such have been the incidents of the marriage relation from the beginning of the human race. Unto the woman- itissaid, “Thy desire shall te to thy husband, and he shall rule over thee,” Genesis, chap. 3, v. 16. It follows that the law gives the husband power to use such a degree of force as is necessary to make the wife behave herself and know her place. Why is it, that by the principles of the common law, if a wife slanders or assaults and beats a neighbor, the husband is niade to pay for it? Or if the wife commits a criminal offense, less than felony, in the presence of her husband, she is not held responsible ? Why is it, that the wife cannot make a will disposing of her land ? and cannot sell her land without a p-rivy examination, “ separate and apart from her husband,” in order to see that she did so voluntarily, and without compulsion on the part of her husband ? It is for the reason that the law gives this power to the husband over the person of the wife, and has adopted proper safe-guards'to prevent an abuse of it.
 

 We will not pursue the discussion further. It is not an agreeable subject, and we are not inclined, unnecessarily, to draw upon ourselves the charge of a want of proper respect for the weaker sex. It is sufficient for our purpose to state that there may be circumstances, which will mitigate, excuse, and so far justify the liusbapd in striking the wife “ with a horse-whip on one occasion and with a switch on another, leaving several bruises on the person,” so as not to give her a
 
 *326
 
 right to abandon him and claim to be divorced. For instance:suppose a husband comes home and his wife abuses him in the strongest terms — calls him a scoundrel, and repeatedly expresses a wish that he was dead and in torment! and being thus provoked in the
 
 furor
 
 hrevis, he strikes her with the horse-whip, which he happens to have in - his hands, but is af-terwards willing to apologise, and expresses regretjfor having struck her : or suppose a man and his wife get into a discussion and have a difference of opinion as to a matter of fact, she becomes furious and gives way to her temper, so far as to tell him he
 
 Ides,
 
 and upon being admonished hot to repeat the word, nevertheless does so, and the husband .taking up a switch, tells her, if she. repeat it again, he will strike her, and after this node's, she again repeats the insulting words, and he thereupon strikes her several blows; these are cases, in which, in our opinion, the circumstances attending the act,.and giving rise to it, so far justify the conduct of the husband, as to take from the wife any ground of divorce for that cause, an.d authorise the Court to dismiss her petition,’ with the admonition, “ if you will amend your manners, you may expect better treatmentsee Shelford on Divorce., So that there are circumstances, under which a husband may strike his wife with a horse-whip, or may strike her several times with a switch, so hard as to leave marks on her person, and these acts do not furnish sufficient ground for a divorce. It follows that when such acts are alleged as the causes for a. divorce, it is necessary in order to comply with the provisions of the statute, to state the circumstances attending the acts, and which gave rise to them.
 

 It was suggested that the averment at the conclusion'of the petition, which is made after the averment, “that the facts which are made the ground of this complaint, have existed at least, six months prior to the filing of this bill;” “ your petitioner during the'whole time of her intermarriage with defendant, saith that she has been §, dutiful, faithful and affectionate wife, and desired so to continue during life, but the outrages upon her person, arid rights, hate made it her desire
 
 *327
 
 as well as duty, to seek a perpetual separation from him, “ is. sufficient to supply the defect in not setting out, “particularly and specially,” the circumstances under which the blows were inflicted on her person.
 

 We do not thiqk a general averment of this kind, unconnected as it is, with the allegations of fact, can be allowed to have the effect of the
 
 particular and special
 
 statement, which the statute requires. It is not traversable, and we cannot say, as a conclusion of law, what may, in her opinion, be such conduct, as is consistent with the character of a dutiful, faithful and affectionate wife. It is unnecessary to notice the other matters of complaint, set out in the petition, because they are admitted not to be, of themselves, sufficient, andaré putin as
 
 makeweights
 
 or
 
 propts
 
 of the main causes, which we have fully adverted to.
 

 Nor is it necessary to notice the objection, because of the fact, that the bill had not been exhibited to a Judge, and his fiat for process obtained.
 

 There is error; the decretal order will be reversed, and this opinion will be certified, to the end that the court of equity below may proceed.
 

 Pee CueiáM, Decretal order reversed.