MARY A. MILLER v. JOHN C. MILLER.

A married woman is entitled to alimony *pendente lite* from her husband's
estate, when the income from her separate estate is not sufficient for her
support, and to defray the necessary and proper expenses in prosecuting
her suit. She need not resort to the *corpus* or capital of her separate
estate, before calling on that of her husband.

CIVIL ACTION for *Divorce* and *Alimony*, heard upon motion
of the plaintiff that she be allowed alimony *pendente lite,*
before CLOUD, J., at Spring Term, 1876, of ROWAN Superior
Court.

The motion was based upon the complaint and affidavits
filed in the cause, from which his Honor found as a fact
that the plaintiff was the owner of separate estate, but that
the income arising therefrom was not sufficient to support
her during the pendency of the action, and to pay the neces-
sary and proper expenses thereof. The Court held that the
plaintiff should resort to the *corpus* of her separate estate,
which should first be exhausted before she could sustain the
application. The decision of his Honor was based upon his
construction of the statute pertaining thereto, and on that
ground alone refused the motion.

From this decision the plaintiff appealed.

*Shipp & Bailey,* for the appellant.
*McCorkle* and *Henderson,* contra.

BYNUM, J. The defendant contends that by the proper
construction of the statute, (see Bat. Rev., chap. 37, sec. 10,)
the plaintiff is entitled to no alimony, *pendente lite,* until
both her separate income, and the *corpus* or capital pro-
ducing it, are exhausted in her support. We think such a
construction is too narrow and harsh to the wife, and cannot
be supported. The statute provides that if the complaint

states facts which, if true, will entitle her to the relief demanded, and it shall appear " that she has not sufficient means whereon to subsist during the prosecution of the suit, and to defray the necessary and proper expenses thereof, the Judge may order the husband to pay her such alimony during the pendency of the suit as shall appear to him just and proper, having regard to the circumstances of the parties."

That the term " alimony " means "income," and not the *corpus* or capital yielding it, is clear from the preceding section (9) of the statute in relation to divorces from bed and board, which declares that there shall be given " such *alimony* as the circumstances of the parties may render necessary, which, however, shall not in any case exceed the one-third part of the net annual income from the estate, occupation or labor of the party against whom judgment shall be rendered."

As the husband, therefore, pays alimony out of his income, and not out of his capital estate, so the wife's " sufficient means " whereon to subsist pending the action must, in like manner, be her income and not her capital.

The Court has found as a fact that her income is not sufficient for her support and necessary expenses pending this litigation. It then became the duty of the Court to order the husband to pay the wife such alimony " as shall appear to him just and proper, having regard to the circumstances of the parties."

The statute relating to divorce and alimony proceeds upon the natural duty of the husband to support the wife as well before as after divorce, and must be liberally construed to express that duty.

Alimony is not itself an " estate " in a technical legal sense of the word, nor is it necessarily a charge upon the husband's estate. He may have no estate. But alimony is a mere personal charge upon the husband, or a duty im-

posed upon him, which the Courts will enforce against him, from time to time, at discretion, compelling the payment thereof from his income, whether he have an estate or not. 37 Wis., 206. This income may be derived from personal labor, wages or salary, as well as from lands or personal property. What the amount of the allowance should be must be left to the sound discretion of the Court, considering the wife's condition in life and the income of both her husband and herself. The rule which seems the most proper one is thus expressed by Bishop: " If the wife has a separate estate, and then her husband commits a breach of matrimonial duty, entitling her to a divorce or a judicial separation, when she applies for alimony her income from this estate will be taken into the account, on the question of amount, as well as his income. And if her income is sufficient to furnish an adequate proportion of itself, she will have nothing from him." Law of Married Women, sec. 894.

His Honor was of opinion that the statute gave him no power to resort to the income of the husband until all the separate estate of the wife, principal and interest, was first exhausted in her support. This is error.

Judgment is reversed and the case remanded, to be proceeded with in conformity with this opinion.

PER CURIAM.                    Judgment accordingly.