LOULA REID DAVIDSON v. JOHN E. S. DAVIDSON.

(Filed 6 May, 1925.)

**Divorce—Alimony Pendente Lite—Statutes—Appeal and Error.**

While the amount allowed in the Superior Court as alimony for the wife's support and counsel fees *pendente lite* (C. S., 1666) is not ordinarily reviewable on appeal to the Supreme Court, it may be otherwise in exceptional cases, where the allowance is altogether disproportioned to the husband's earnings or income from property, and the findings in this case appearing to be meager in this respect, the case is remanded for the inquiry to be proceeded with, to ascertain what allowance would be "just and proper, having regard to the circumstances of the parties."

APPEAL by defendant from an order of *Harding, J.,* made 31 January, 1925, at Chambers in MECKLENBURG.

On 10 January, 1925, the plaintiff brought suit against the defendant for divorce from bed and board, filed her complaint, and served a written notice on the defendant that on 16 January, 1925, she would apply for alimony *pendente lite* and for an allowance for counsel fees and expenses. Several affidavits were filed by the parties, and the motion was heard on 23 January. Among the findings of fact are the following:

1. The plaintiff and defendant own jointly a home in the city of Charlotte, the title to which is in both plaintiff and defendant, the defendant having purchased same since the marriage and having the deed made to both the plaintiff and the defendant for the purpose of protecting the defendant and for protecting the plaintiff if any financial reverses should come to the defendant or in case of death of the defendant.

2. Up until the 8th of January, 1925, the plaintiff and defendant had lived together in said home. On that date the plaintiff left the home of the defendant and has not occupied said home since said time, and the defendant is now in sole possession thereof. The value of said home is about $ ..... . The defendant has no other property other than income from his practice as a physician, which aggregates annually $2,000, out of which are paid the expenses of the office, rent, salary of nurse or attendant in his office, and other expenses incidental to his own professional business, which amounts to $950 per year.

3. The plaintiff has in her own right seven shares of stock in the Home Real Estate & Guaranty Company, in the city of Charlotte. Said stock is worth not less than the par value of $100 per share, and since the first day of January, 1925, there has been paid to her an annual dividend of 8%. The plaintiff has no other means or income from which to derive a support. When the plaintiff left the home of defendant she had in cash $117 and she has received as income $56, being 8% dividend on seven shares of stock, par value $100, in Home Real Estate & Guaranty Company.

The defendant was ordered to pay into the clerk's office on 15 February, 1925, $150 to cover the plaintiff's counsel fees and expenses, and $100 on the first day of March and on the first day of each succeeding month as alimony *pendente lite*. The defendant excepted and appealed.

*Parker, Stewart, McRae & Bobbitt and Walter Clark for appellant.*
*Thaddeus A. Adams for appellee.*

ADAMS, J. This is an application for alimony pending the plaintiff's suit for divorce from bed and board. It is authorized by C. S., 1666, which is to be distinguished from section 1665 providing for ali-

mony after judgment and from section 1667 providing for a reasonable subsistence under certain conditions without impairing the marriage contract.

The defendant contends that the amount allowed as temporary alimony is excessive and makes this the ground of one of his exceptions. It has been held in several of our decisions that while the right to alimony involves a question of law, the amount of alimony and counsel fees is a matter of judicial discretion and usually not reviewable. *Jones v. Jones,* 173 N. C., 279; *Barker v. Barker,* 136 N. C., 316; *Moore v. Moore,* 130 N. C., 333; *Miller v. Miller,* 75 N. C., 70. Excepting attorney's fees and expenses, the amount ordinarily allowed *pendente lite* under section 1666 is not in excess of the amount prescribed by section 1665 upon a final judgment for divorce from bed and board—that is, one-third part of the net annual income from the estate and occupation or labor of the party against whom the judgment is rendered. 19 C. J., 222 (532). But this rule is not inflexible and the amount to be allowed is not arbitrarily fixed by the statute. "The income," said *Mr. Justice Bynum* in *Miller v. Miller, supra,* "may be derived from personal labor, wages, or salary, as well as from lands or personal property"; and in *Muse v. Muse,* 84 N. C., 36, *Mr. Justice Ruffin* remarked, "A husband is not excused from the maintenance of his wife because he lacks an estate. He must labor, if need be, for her support." But "before an allowance of temporary alimony is made, admission or proof of the husband's ability to pay it should be shown. The allowance may be based on the husband's earnings, or his earning capacity, although he is not possessed of money or property." 19 C. J., 216 (518).

The parties hold the house and lot in the city of Charlotte as an estate by the entirety. Granting that the defendant has the right to control, use, and lease the property during coverture (*Dorsey v. Kirkland,* 177 N. C., 520), we find nothing in the record which determines either its actual or its rental value. The judge found the fact to be that the defendant's only remaining property is the income derived from his practice as a physician. It is also undetermined whether his present income is the reasonable measure of his earning capacity. Apparently his only source of revenue is an annual income of $2,000, from which is to be deducted $950 for expenses necessary to the prosecution of his business. His net annual income, then, is $1,050, less than $100 a month; and by the judgment he is required to pay the plaintiff more than his net income. The amount, we apprehend, is proportionately more than the judge intended to allow. It may be all the circumstances disclosed at the hearing do not appear in the record, but upon the facts found and presented by the appeal, it would seem

that the allowance exceeds that which is contemplated by the statute. The situation, of course, may be clarified by a more comprehensive finding of the facts.

While we think the alimony allowed by the judge is more than his findings justify, still upon another hearing additional evidence may be received in reference to the value of defendant's entire estate, and the net annual income that is or should be derived from his estate and labor. The ultimate object is to secure such alimony as may be "just and proper, having regard to the circumstances of the parties." C. S., 1666.

That the complaint does not state a cause of action is another contention which is urged by the defendant. A discussion of the questions pertaining to the sufficiency of the complaint may be found in the following cases: *Everton v. Everton,* 50 N. C., 202; *Erwin v. Erwin,* 57 N. C., 82; *Joyner v. Joyner,* 59 N. C., 322; *McQueen v. McQueen,* 82 N. C., 471; *White v. White,* 84 N. C., 342; *Jackson v. Jackson,* 105 N. C., 433; *O'Connor v. O'Connor,* 109 N. C., 140; *Martin v. Martin,* 130 N. C., 27; *Garsed v. Garsed,* 170 N. C., 672. *Everton v. Everton,* however, is criticized *obiter* in *Jones v. Jones,* 173 N. C., 283. The exception addressed to the alleged insufficiency of the complaint presents a serious question; but as this is a preliminary motion and as the case goes back on another ground, we think the plaintiff should not be denied the right of moving to amend her complaint so as to make its allegations more comprehensive and more specific. *Jackson v. Jackson, supra.*

It is also insisted for the defendant that the court erred in hearing evidence of circumstances occurring within six months after the institution of the action, but there were antecedent facts tending to support the plaintiff's contentions, and we are not warranted in reversing the judgment solely on this ground. The issues have not yet been submitted to the jury.

Reversed and remanded.