## MRS. VENORA KISER v. OSCAR M. KISER.

(Filed 2 November, 1932.)

**Divorce D b—Allowance to wife under C. S., 1667, should be based on husband's means and condition in life.**

> While C. S., 1665, relating to alimony upon judgment for divorce *a mensa et thoro*, does not apply to an action for alimony without divorce under C. S., 1667, yet the two statutes are cognate and may be considered together, and in an action under C. S., 1667, the allowance of reasonable subsistence to the wife and children and the allowance of counsel fees should be based on the defendant's means and condition in life, etc., and where the record on appeal from an order relating to such allowance is not sufficiently definite on this question the case will be remanded.

APPEAL by defendant from *Harding, J.,* and a jury, at March Term, 1932, of FORSYTH. Error and remanded.

This was an action originally for necessary or reasonable subsistence without divorce brought by the plaintiff against the defendant (C. S., 1667); cross-action by the defendant against the plaintiff for a divorce *a mensa et thoro;* each charging cruel and abusive treatment against the other; from verdict and judgment rendered before Harding, J., at March Term, 1932, in favor of the plaintiff, defendant excepted, assigned error and appealed to the Supreme Court.

*Elledge & Wells, W. H. Boyer, John C. Wallace and R. Glenn Key for plaintiff.*
*Parrish & Deal for defendant.*

CLARKSON, J. This is a controversy between husband and wife. The parties were married in Rural Hall, N. C., 14 October, 1916, and lived together until 27 January, 1930. A child, Frances Elizabeth Kiser, was born of the union on 17 December, 1918, and is now living.

The jury found all the issues in favor of the plaintiff, which are unnecessary to set forth. It was contended by defendant that Judge Harding in his judgment found as a fact that the defendant was making $60 a month and made an allowance to plaintiff of $70 a month. It is contended by plaintiff that he further found "that for about ten years prior to December, 1930, he earned the salary of $125 per month; that he is an able-bodied man of good education," etc.

At June Term, 1932, of the Superior Court of Forsyth County, North Carolina, the matter was heard by Clement, J., on application of plaintiff; that defendant be cited to appear and show cause "why he should not be attached for contempt of court for failure to comply with the terms of the judgment of this court entered at the March Term, 1932, of this court; and the defendant having appeared and having shown to the court that he has paid to the plaintiff the sum of $35 per month since the entry of said order, and that she has had the use and occupancy of the dwelling-house referred to in the order of the value of $25 per month. . . . And it appearing to the court that the defendant has in good faith attempted to comply with the requirements of the order entered at the March, 1932, Term of court, but that he has been unable to do so, and that he has not wilfully violated the terms of said order; and it appearing to the court that the defendant is unable to comply with the terms of said order, and the defendant having prayed that said judgment be modified; it is, therefore, ordered, adjudged and decreed by the court that the defendant is discharged from the citation for contempt, and is adjudged not to be in contempt of court; pending the appeal of this action to the Supreme Court, it is ordered, adjudged and

decreed that the defendant continue to pay to the plaintiff the sum of $35 per month, she to have the use and occupancy of the house referred to in the judgment entered at the March, 1932, Term; that during such time the defendant shall not be required to pay any further fees for plaintiff's counsel, and until the appeal to the Supreme Court has been disposed of, the provisions of the judgment entered at the March, 1932, Term, as they relate to alimony and counsel fees, are suspended. Hereupon, this cause is retained for further orders."

In the matter of contempt of court in cases of this kind, see *West v. West,* 199 N. C., 12.

In reference to the issues submitted, we see no error on the trial of the cause in the court below.

In *Davidson v. Davidson,* 189 N. C., 625, it was held: "While the amount allowed in the Superior Court as alimony for the wife's support and counsel fees *pendente lite* (C. S., 1666) is not ordinarily reviewable on appeal to the Supreme Court, it may be otherwise in exceptional cases, where the allowance is altogether disproportioned to the husband's earnings or income from property, and the findings in this case appearing to be meager in this respect, the case is remanded for the inquiry to be proceeded with, to ascertain what allowance would be 'just and proper, having regard to the circumstances of the parties.' " We think that where an action is instituted under C. S., 1667, as in this case, that C. S., 1665, as to alimony should be considered.

C. S., 1665, is as follows: "When any court adjudges any two married persons divorced from bed and board, it may also decree to the party upon whose application such judgment was rendered such alimony as the circumstances of the several parties may render necessary; which, however, shall not in any case exceed the one-third part of the net annual income from the estate, occupation or labor of the party against whom the judgment shall be rendered."

In *Anderson v. Anderson,* 183 N. C., at p. 142, we find: "It should be noted that the limitation to one-third of the net annual income from the estate (section 1665) applies when the court adjudges the husband and the wife divorced from bed and board, but not when the wife institutes the proper proceeding for alimony *pendente lite* under section 1666 or for a reasonable subsistence under section 1667. . . . His Honor, therefore, was not required in this proceeding to confine the subsistence to one-third part of the defendant's net annual income."

C. S., 1667: "If any husband shall separate himself from his wife and fail to provide her and the children of the marriage with the necessary subsistence according to his means and condition in life, . . .

to have a reasonable subsistence and counsel fees allotted and paid or secured to her from the estate or earnings of her husband," etc.

While perhaps the limitation in C. S., 1665, would not apply to C. S., 1667, nevertheless the two are cognate statutes, dealing with similar questions, and may be considered as the composite will of the Legislature.

As a basis, but not controlling under the *Anderson case, supra,* the allowance to the wife of "necessary subsistence," C. S., 1665, *supra,* should be considered and necessary subsistence of child or children and counsel fees also allowed. C. S., 1667, *supra.* The whole matter of alimony and counsel fees is carefully discussed in the *Davidson case, supra.* See *McManus v. McManus,* 191 N. C., 740; *Vincent v. Vincent,* 193 N. C., 492; *Byerly v. Byerly,* 194 N. C., 532; *Taylor v. Taylor,* 197 N. C., 197; *Brewer v. Brewer,* 198 N. C., 669.

The cause is remanded for the court below to ascertain facts more definite on which necessary or reasonable subsistence to the wife and child and counsel fees can be based, according to the defendant's means and condition in life, and to make the allowance in accordance with the law as indicated. From the record in this case, it appears that before the separation the parties had lived together as husband and wife for some fourteen years, the child of the marriage is a girl now some sixteen years of age. Perhaps there should be a truce, as separation and divorces between husbands and wives are not looked on with favor by the courts.

Error and remanded.