BEATRICE E. CONRAD v. WOODROW W. CONRAD.

(Filed 27 April, 1960.)

**1. Appeal and Error § 22—**

Where, upon the rendition of an order upon findings of fact made by the Court, appellant takes exceptions, each one directed to a specific factual conclusion, and thereafter lists the exceptions on which he relies and asserts the single legal error that the evidence was insufficient to support the findings excepted to, there is a sufficient compliance with the requirements of Rule of Practice in the Supreme Court No. 19(3).

**2. Appeal and Error § 19—**

Error can be asserted only by exception taken at an appropriate time and in an appropriate manner.

**3. Same—**

Exceptions to rulings made during the trial must ordinarily be based on an objection taken when the ruling is made. G.S. 1-206.

**4. Appeal and Error § 24—**

Exceptions to the charge can be taken within the time allowed for the preparation of the case on appeal. G.S. 1-282.

**5. Appeal and Error § 34—**

The case on appeal need not contain all the exceptions taken at the trial but only those upon which appellant then intends to rely.

**6. Appeal and Error § 31—**

Upon settlement of case on appeal by the trial judge upon disagreement of counsel, the judge has the power and duty to exercise supervision to see that the record accurately presents the questions on which the Supreme Court is expected to rule.

**7. Appeal and Error § 19—**

In grouping the exceptions assigned as error, appellant should bring together all of the exceptions which present a single question of law, and the exceptions so grouped must set out in detail and must refer to the page of the record where each exception is to be found, and appellant may reduce the number of the exceptions by failing to thus assign them as error. Rules of Practice in the Supreme Court, 19(3).

**8. Appeal and Error § 38—**

Appellant may reduce the number of assignments of error by failing to discuss them in his brief. Rules of Practice in the Supreme Court. No. 28.

**9. Appeal and Error § 12—**

Where appellant has filed specific and definite exceptions to the court's findings of fact and the court signs the entry of appeal and the case on appeal is settled, the jurisdiction of the Superior Court is at an end, and the Superior Court has no power thereafter to compel appellant to furnish additional assignments of error nor authority to compel him to group the assignments of error to comply with the rules of the Supreme Court.

**10. Divorce and Alimony § 18—**

While the provisions of G.S. 50-14 limiting the amount of alimony upon divorce from bed and board does not apply to G.S. 50-16, the limitations of G.S. 50-14 should not be completely ignored but should be used as a guide in fixing the amount of alimony without divorce or alimony and subsistance *pendente lite* in an action under G.S. 50-16.

**11. Same—**

The allowance of alimony *pendente lite* in an action under G.S. 50-16 should be based on the amount of the current earnings of the husband and not upon the earnings of the husband in a single preceding year unless there is a finding, based on evidence, that the husband was failing to exercise his capacity to earn because of a disregard of his marital obligations to provide his wife reasonable support.

**12. Same—**

    An allowance of alimony and subsistence *pendente lite* based on the findings of the court that the husband was capable of earning a stipulated amount, which the evidence discloses was made by him in only one preceding year, with further evidence that his current earnings were in a substantially smaller amount, and without a finding based on evidence that the husband was failing to exercise his capacity to earn because of his disregard of his marital obligations, *held* erroneous.

APPEAL by defendant from *Johnston, J.,* September 28, 1959 Term, of FORSYTH.

Plaintiff instituted this action to obtain alimony without divorce as authorized by G.S. 50-16. The facts alleged in the complaint are sufficient to support such an award. Having given the required notice, plaintiff moved for alimony *pendente lite* and for counsel fees. The court heard the evidence, made findings of fact, and, based thereon, made an award. Defendant, having excepted to the findings and the award based thereon, appealed.

    *R. Lewis Alexander and Hudson, Ferrell, Carter, Petree & Stockton for plaintiff, appellee.*

    *Eugene H. Phillips and James M. Hayes, Jr., for defendant, appellant.*

RODMAN, J. Before passing on questions presented by the appeal, we must dispose of procedural questions raised by the parties.

To fix the amount which the court should award as alimony *pendente lite* and for counsel fees, the parties relied on documentary evidence consisting of the complaint, affidavits, and the transcript of the adverse examination of defendant. Based on this evidence the court found that defendant was capable of earning $16,000 per year, and on this finding required defendant to pay plaintiff $600 per month and $1000 for attorneys' fees.

Upon the rendition of the judgment defendant gave notice of appeal. In his notice he took exceptions to the findings of fact and the judgment based thereon. Each exception was directed to a specific factual conclusion. These exceptions to the findings and to the award are detailed in the appeal entry. Following the exceptions is a list of the papers which should constitute the record on appeal. The appeal so entered was signed by the presiding judge. Following the list of the papers to be sent here, the entry reads: "a statement of the case on appeal is deemed unnecessary and inappropriate, it being deemed sufficient that defendant deliver to plaintiff's counsel his assignments of error within 20 days hereafter, service thereof being waived."

The transcript filed here, certified by the clerk of the Superior Court of Forsyth County, contains the papers named in the appeal entered with the exceptions there shown. The transcript does not contain a grouping of the assignments of error as required by Rule 19(3) of this Court.

On 27 October 1959 and within 20 days from the rendition of the judgment and the signing of the appeal entries by the judge, defendant filed with the clerk of the Superior Court of Forsyth County a paper which he designated as "assignment of error." It lists as the exceptions on which he relies those shown in the appeal entry signed by the judge and points to the single legal error which he asserts, i.e., insufficiency of the evidence to support the findings and award. It is sufficient to comply with the requirements of our Rule 19(3). This document was not included in the transcript certified by the clerk of the Superior Court which was filed here 16 December 1959. Defendant, suggesting a diminution of the record, caused a certified copy of this paper to be filed here on 15 February.

Plaintiff filed here a motion to dismiss for failure to file with plaintiff within the 20-day period assignments of error as directed by Judge Johnston. He also filed with Judge Johnston a motion to dismiss defendant's appeal, asserting that the assignments of error referred to in the appeal entry had not been delivered. Judge Johnston, on conflicting affidavits, found as a fact that the assignment of error had not been delivered, and, acting pursuant to his interpretation of G.S. 1-287.1, entered an order dismissing the appeal.

The motions and orders indicate the desirability of a statement of the proper procedure to present to this Court errors of law which appellant claims are prejudicial to him.

Error can only be asserted by an exception taken at an appropriate time and in an appropriate manner. Errors based on rulings made during the trial must ordinarily be called to the attention of the court by an objection taken when the ruling is made. G.S. 1-206. Exceptions to the charge can be taken within the time allowed for the preparation of the case on appeal. G.S. 1-282.

The case on appeal to be presented to this Court need not contain all of the exceptions taken at the trial, but only such as appear in the case on appeal can be made the basis for appellate relief. *Bulman v. Baptist Convention,* 248 N.C. 392, 103 S.E. 2d 487; *In re McWhirter,* 248 N.C. 324, 103 S.E. 2d 293; *Moore v. Crosswell,* 240 N.C. 473, 82 S.E. 2d 208.

The reason which requires appellant in the case on appeal to assign or designate the exceptions on which he will rely is apparent.

Appellee is entitled to know which of the exceptions taken appellant intends to rely on so that there may be included in the record such parts as may be necessary to show that there was in fact no error. *Jenkins v. Castelloe,* 208 N.C. 406, 181 S.E. 266.

Upon disagreement of counsel the court settles the case on appeal. G.S. 1-283. The trial judge then has both the power and the duty to exercise supervision to see that the record accurately presents the questions on which this Court is expected to rule. *Hoke v. Greyhound Corp.,* 227 N.C. 374, 42 S.E. 2d 407; *Chozen Confections, Inc. v. Johnson,* 220 N.C. 432, 17 S.E. 2d 505; *Commissioners v. Steamship Co.,* 98 N.C. 163.

Where appellant has in his case on appeal enumerated the errors on which he expects to rely, he may reduce the number of asserted errors when he groups for our convenience as required by Rule 19(3) the exceptions he expects this Court to consider. *S. v. Jones,* 227 N.C. 94, 40 S.E. 2d 700; *Jones v. R. R.,* 153 N.C. 419, 69 S.E. 427. This grouping of the exceptions assigned as error (sometimes for brevity also called "assignments of error") should bring together all of the exceptions which present a single question of law. *Ellis v. R. R.,* 241 N.C. 747, 86 S.E. 2d 406. The exceptions so grouped must be set out in detail and must refer to the page of the record where each exception is to be found. *Hunt v. Davis,* 248 N.C. 69, 102 S.E. 2d 405; *Keith v. Wilder,* 241 N.C. 672, 86 S.E. 2d 444. It is not sufficient to merely refer to the page for the asserted error. If appellant reduces the number of errors previously assigned when he complies with Rule 19(3) by eliminating some of those noted in the case on appeal, he may further reduce the number when he prepares and files his brief. Rule 28 of this Court declares that exceptions in the record not set out in appellant's brief or in support of which no argument is stated will be deemed abandoned. The rules of this Court were promulgated for our convenience in the dispatch of our appellate jurisdiction.

The exceptions shown in the appeal entry challenge the findings because not supported by any evidence, and because the findings were erroneous, the judgment based thereon is likewise erroneous. The exceptions are specific and definite. The Superior Court had no power to compel appellant to furnish additional assignments of error nor to group the errors assigned to comply with our rule. When the case on appeal was settled, the jurisdiction of the Superior Court was at an end.

The court, as a basis for its award, found "that the defendant is capable of earning in excess of Sixteen Thousand ($16,000.00) Dollars per year." Defendant maintains there is no evidence in the record

supporting such a finding as the basis for an award of alimony. He makes this finding one of his exceptions and also excepts to the refusal of the court to find what his income is or has been.

The complaint contains no specific allegation as to plaintiff's estate or income. It merely alleges: "The defendant has earned and is capable of earning thousands of dollars per year." The complaint was filed after defendant and his financial records had been examined by counsel for plaintiff.

Defendant's income is derived from an insurance business which he owns and has operated in Winston-Salem for sixteen years. Plaintiff developed from defendant's adverse examination that his net income from his insurance business amounted to $10,756.16 for 1956, $15,357.94 for 1957, $8,477 for 1958. His income for the first eight months of 1959 amounted to $3,916.43. The figures for 1956, 1957, and 1958 were shown by audited accounts of defendant's business. There was no evidence to controvert these figures.

Defendant testified that beginning in January 1958 one of the companies for which he sold insurance reduced the commissions paid from 30% of the insurance premium to 20%, resulting in a loss of income from that particular account of $12,000 for the year 1958. Defendant's testimony in that respect was supported by the affidavit of the agency superintendent of that company. Defendant testified that regulations of the Insurance Board of Winston-Salem prohibiting the employment of part-time workers on commission basis had likewise materially affected his income.

It is not contended that defendant has any estate or income other than from his insurance business. Plaintiff developed on adverse examination of defendant that the liabilities of the insurance agency exceeded its assets by something in excess of $2500, indicating a scale of living not justified by earnings. No evidence was offered tending to show that defendant had in any year earned a sum approximating $16,000 except in 1957 when his earnings before taxes amounted to $15,357.94. Based upon the evidence adduced, defendant's income for the 44 months to which the testimony relates averaged just under $850 per month, and for 20 months immediately preceding the hearing, $620 per month.

The statute (G.S. 50-16) on which plaintiff relies for an award authorizes the court "to cause the husband to secure so much of his estate or to pay so much of his earnings, or both, as may be proper, according to his condition and circumstances." G.S. 50-14 limits the amount of alimony which may be awarded upon a divorce to one-third of the "net annual income from the estate, occupation or labor

of the party against whom the judgment shall be rendered." The limitation there imposed is not applicable when plaintiff seeks alimony *pendente lite* or without divorce, but the limitation there expressed ought not to be completely ignored when the court is called upon to make an award as provided by G.S. 50-16. *Kiser v. Kiser,* 203 N.C. 428, 166 S.E. 304; *Davidson v. Davidson,* 189 N.C. 625, 127 S.E. 682. We think it certain the Legislature never contemplated the court would select the earnings for a single year in the past and use that as the basis for an award when that year does not fairly represent defendant's current nor the average of his earnings for several years.

The award should be based on the amount which defendant is earning when alimony is sought and the award made, if the husband is honestly engaged in a business to which he is properly adapted and is in fact seeking to operate his business profitably. *Sguros v. Sguros, ante,* 408.

To base an award on capacity to earn rather than actual earnings, there should be a finding based on evidence that the husband was failing to exercise his capacity to earn because of a disregard of his marital obligation to provide reasonable support for his wife. *Davidson v. Davidson, supra.* There is no finding to that effect in this case.

If the court was of the opinion that it could use as the basis for the award earnings made in some preceding year rather than current earnings, it applied the wrong yardstick. If the award is based on current earnings, there is no evidence to support it. In either event the amount awarded was improper. Plaintiff is entitled to a fair and reasonable allowance for her support and for counsel fees based on defendant's current earnings. If they are to exceed that sum, there should be specific findings that defendant is not fairly and diligently conducting the business which he has selected as appropriate to earn a livelihood for himself and his wife.

Reversed.