Rayle v. Rayle

IRIS MARIE ROBERTS RAYLE v. JACK HELMA RAYLE

No. 7419DC110

(Filed 6 February 1974)

**Divorce and Alimony § 16— presumption that husband is supporting spouse — rebutting evidence — jury question**

In the provision of G.S. 50-16.1(4) stating, "A husband is deemed to be the supporting spouse unless he is incapable of supporting his wife," the word "deemed" has the same meaning as "presumed" and the provision creates a presumption which may be rebutted; therefore, where there is evidence tending to show that the husband is not the supporting spouse, a question of fact for jury determination is presented.

APPEAL by plaintiff from *Warren, Judge,* 20 August 1973 Session of District Court held in RANDOLPH County.

In this action plaintiff seeks alimony without divorce, possession of certain real estate, and the custody of and support for the minor child of the parties. On 26 June 1973, pursuant to a hearing, the court entered an order awarding the custody of the child to plaintiff with visitation privileges in defendant, requiring defendant to pay $200 per month for the support of the child, and awarding plaintiff possession of certain real estate with a proviso that defendant pay any indebtedness outstanding on the real estate. The court denied plaintiff's motion for temporary alimony.

At the 20 August 1973 Session of the court, the case came on for trial on the merits on plaintiff's claim for permanent alimony. Issues were submitted to and answered by the jury as follows:

"1. Were the plaintiff and defendant married to each other on July 2, 1950, as alleged in the complaint?

ANSWER: Yes.

2. Did the defendant abandon the plaintiff as alleged in the complaint?

ANSWER: Yes.

3. Is the defendant a supporting spouse as alleged in the complaint?

ANSWER: No.

4. Is the plaintiff a dependent spouse as alleged in the complaint?

ANSWER: No."

From judgment denying plaintiff permanent alimony, she appealed.

*Ottway Burton for plaintiff appellant.*

*Bell, Ogburn & Redding, by William H. Heafner, for defendant appellee.*

BRITT, Judge.

In her principal assignment of error, plaintiff contends the trial court erred in submitting issues 3 and 4 with respect to whether plaintiff was a dependent spouse and defendant was a supporting spouse. She contends that an affirmative answer to the second issue, wherein the jury found that defendant abandoned plaintiff, and the absence of evidence that defendant was incapable of supporting her, entitled plaintiff to alimony as a matter of law. We reject these contentions.

G.S. 50-16.1, subsections (3) and (4) provide:

"(3) 'Dependent spouse' means a spouse, whether husband or wife, who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse.

"(4) 'Supporting spouse' means a spouse, whether husband or wife, upon whom the other spouse is actually substantially dependent or from whom such other spouse is substantially in need of maintenance and support. A husband is deemed to be the supporting spouse unless he is incapable of supporting his wife."

Rayle v. Rayle

Crucial to a decision in this case is an interpretation of the last sentence of G.S. 50-16.1(4) : "A husband is deemed to be the supporting spouse unless he is incapable of supporting his wife." Since there was no evidence that defendant was incapable of supporting his wife, our specific question is, what is meant by "a husband is *deemed* to be the supporting spouse?"

Our overall guide in interpreting and construing statutes is well stated by Justice Huskins in *Underwood v. Howland, Comr. of Motor Vehicles,* 274 N.C. 473, 478-479, 164 S.E. 2d 2, 6-7 (1968), as follows:

> "This requires us to construe and interpret the language of the statute. In this task we are guided by the primary rule of construction that the intent of the legislature controls. 'In the interpretation of statutes, the legislative will is the all important or controlling factor. Indeed, it is frequently stated in effect that the intention of the legislature constitutes the law. The legislative intent has been designated the vital part, heart, soul, and essence of the law, and the guiding star in the interpretation thereof.' 50 Am. Jur., Statutes, Sec. 223. As stated by Bobbitt, J., in *Lockwood v. McCaskill,* 261 N.C. 754, 757, 136 S.E. 2d 67, 69 : 'In performing our judicial task, "we must avoid a construction which will operate to defeat or impair the object of the statute, if we can reasonably do so without violence to the legislative language." *Ballard v. Charlotte,* 235 N.C. 484, 487, 70 S.E. 2d 575 [577].' Furthermore, ' . . . where a strict literal interpretation of the language of a statute would contravene the manifest purpose of the Legislature, the reason and purpose of the law should control, and the strict letter thereof should be disregarded. *S. v. Barksdale,* 181 N.C. 621, 107 S.E. 505.' *Duncan v. Carpenter,* 233 N.C. 422, 426, 64 S.E. 2d 410, 413. And, where possible, 'the language of a statute will be interpreted so as to avoid an absurd consequence. *Young v. Whitehall Co.,* 229 N.C. 360, 49 S.E. 2d 797; *State v. Scales,* 172 N.C. 915, 90 S.E. 439. A statute is never to be construed so as to require an impossibility if that result can be avoided by another fair and reasonable construction of its terms.' *Hobbs v. Moore County,* 267 N.C. 665, 671, 149 S.E. 2d 1, 5.

> "If the language of a statute is clear and unambiguous, judicial construction is not necessary. Its plain and definite meaning controls. *Davis v. Granite Corporation,* 259 N.C.

Rayle v. Rayle

672, 131 S.E. 2d 335. But if the language is ambiguous and the meaning in doubt, judicial construction is required to ascertain the legislative intent. *State v. Humphries,* 210 N.C. 406, 186 S.E. 473; *Young v. Whitehall Co., supra* (229 N.C. 360, 49 S.E. 2d 797).

"Words and phrases of a statute 'must be construed as a part of the composite whole and accorded only that meaning which other modifying provisions and the clear intent and purpose of the act will permit.' 7 Strong's N. C. Index 2d, Statutes, Sec. 5."

A large part of the statutory law in this jurisdiction relating to alimony was rewritten by the 1967 General Assembly pursuant to a study and report by a distinguished Committee on Family Law. The rewrite is set forth in Chapter 1152 of the 1967 Session Laws, now codified for the most part as G.S. 50-16.1, *et seq*. It appears from our research that the sentence we are attempting to interpret was adopted as a floor amendment in the waning days of the legislative session, therefore, was not subjected to the close scrutiny given other provisions of the act.

While the phrase "unless he is incapable of supporting his wife" presents no problem here, it will, no doubt, present problems in other cases. The word in the sentence that presently poses difficulty is "deemed" and definitions given the word in dictionaries provide very little help. In the widely used *The Synonym Finder,* by J. I. Rodale and Staff, we find "deem" listed as a synonym for "presume." Equating the terms "deem" and "presume" finds support in *Davis v. Indemnity Co.,* 227 N.C. 80, 40 S.E. 2d 609 (1946), in an opinion by Justice (later Chief Justice) Barnhill. In *Davis,* the court was confronted with the interpretation of the provision "mysterious disappearance of any insured property shall be presumed to be due to theft" incorporated in an insurance policy as a part of the definition of theft. The court held (pages 82-83, 610-611) :

"This more liberal definition of theft, thus provided, creates a rule of evidence binding on the parties. Proof of the mysterious disappearance of insured property, nothing else appearing, is proof of theft . . . . It is stipulated that the inference of theft arises, as of course, upon proof of a mysterious disappearance.

"This conclusion or inference is more than a mere permissive inference. Theft is to be presumed, and to presume means to take for granted until the contrary is proved, *Morford v. Peck*, 46 Conn., 380, *Green v. Maloney*, 30 A. 672, *S. v. Evans*, 41 A., 136; to deem, *Cooper v. Slaughter*, 57 So., 477; to accept as being entitled to belief without examination or proof, *Ferrari v. Interurban St. Ry. Co.*, 103 N.Y.S., 134. So then it is agreed that when insured property mysteriously disappears it shall be deemed or taken for granted that it was stolen.

"But, in our opinion, it does not constitute an irrebuttable presumption. Theft is presumed or taken for granted unless the contrary is made to appear. The surrounding facts and circumstances, if any, which tend to show that the property was lost or mislaid or that its disappearance was not in fact due to theft are to be considered by the jury in arriving at a verdict, the burden of proof being at all times on the plaintiff."

Applying the stated principles to the task at hand, we think the General Assembly intended that the term "deemed" should have the same meaning as "presumed"; that the term creates a rule of evidence; and that it will be taken for granted that a husband is the supporting spouse until the contrary is shown. But, in our opinion, the sentence does not constitute an irrebuttable presumption and where there is evidence tending to show that the husband is not the supporting spouse, a question of fact for jury determination is presented. *Davis v. Indemnity Co.*, *supra.*

A different construction would render meaningless many portions of the 1967 act, particularly the provisions of Subsections (3) and (4) of G.S. 50-16.1 defining "dependent spouse" and "supporting spouse," and contravene the manifest purpose of the General Assembly.

The evidence in the case at bar tended to show: Plaintiff and defendant were married in 1950 and their only child was born in 1958. Plaintiff had been employed outside of the home continuously since the marriage except for six years following the birth of their child. At the time of the trial, she was employed by Loflin's Hosiery Mill and worked there during all of 1972. During 1972, her gross earnings exceeded $6,000, "something like $6,900." In 1972, defendant had an income of $6,000

Auman v. Dairy Products

but prior to 1972 his annual income was as much as $7,000. Plaintiff did not know if defendant had any savings account but during the ten year period prior to the trial, she had accumulated $6,000 in savings.

We hold that the court did not err in submitting issues 3 and 4 to the jury, and, when they were answered in the negative, entering judgment in favor of defendant.

We have considered the other assignments of error properly brought forward and argued in plaintiff's brief but find them to be without merit.

No error.

Judges PARKER and VAUGHN concur.