GWEN WEBB GALLOWAY v. FRANKIE GALLOWAY

No. 7810DC381

(Filed 20 March 1979)

1. **Divorce and Alimony § 18 — husband as supporting spouse — presumption — rebutting evidence**

    The presumption that the husband is the supporting spouse, and thus by definition that the wife is the dependent spouse, controls until evidence has been presented tending to show that the wife is not in fact a dependent spouse, and the husband has not borne his burden in such cases until he has offered evidence tending to show that his wife is neither substantially dependent upon him for her maintenance and support nor substantially in need of maintenance and support by him. G.S. 50-16.1(3).

2. **Divorce and Alimony § 18.11 — wife not dependent spouse — insufficiency of findings**

    Finding by the trial court that plaintiff wife had been gainfully employed prior to her marriage to the defendant and was "able-bodied, intelligent and capable to find employment" was not sufficient to support the trial court's conclusion that plaintiff was not a dependent spouse within the meaning of G.S. 50-16.1(3), as it did not include a finding that the plaintiff had a reasonable opportunity to but did not adequately support herself.

APPEAL by plaintiff from *Parker (John Hill), Judge.* Order entered 2 February 1978 in District Court, WAKE County. Heard in the Court of Appeals 2 February 1979.

The plaintiff instituted this action against the defendant for alimony pendente lite, permanent alimony and attorney's fees by

the filing of a complaint on 21 November 1977. During the hearing before the trial court on these matters, the plaintiff presented evidence tending to show that she and the defendant were married to each other on 17 August 1973. During the latter part of 1975, the parties separated and lived apart for approximately one year. They reunited in December of 1976 and moved their residence to Raleigh. Prior to that time, the plaintiff had been working part-time in her parents' motel in Wilson. Despite her husband's objections, the plaintiff continued to work at the motel in Wilson after the couple had moved to Raleigh. She normally worked at the motel from 9:00 a.m. until 3:00 p.m., but about twice every three weeks she was required to stay at the motel overnight. The plaintiff's weekly salary during this period ranged from $60 to $90 depending upon whether she worked on weekends.

On 27 October 1977 the plaintiff left a message for her husband informing him that she was planning to spend the night at the motel in Wilson. The defendant called the plaintiff at about 6:00 p.m. and told her that he wanted her to come to Raleigh and take all of her belongings out of the house they were occupying. The next day, the plaintiff complied with the defendant's request.

The plaintiff's evidence further tended to show that she then moved to her parents' motel in Wilson. She helped with the work at the motel when she was needed but was not paid a regular salary and did not want a regular salary. In addition to room and board, however, the plaintiff's mother occasionally gave her money for car payments when she needed such money and gave her "some spending money." The plaintiff testified that she did not have any regular source of income and that the defendant had not provided any support for her since their separation. In addition, evidence was introduced tending to show that the defendant had a gross income of less than $13,200 per year and a net income of approximately $8,400 per year.

The defendant introduced evidence tending to show that he objected to the plaintiff working at the motel during their marriage and asked her to quit working there. He testified that she often failed to return from the motel until 6:00 p.m. or 7:00 p.m. and would at times return as late as 9:00 p.m. In addition, he testified that she spent the night at the motel from three to five times a month during this period.

At the conclusion of the hearing on these matters, the trial court found among other things that the defendant had ordered the plaintiff out of their home on 27 October 1977 and had provided no support for the plaintiff since that time. The trial court also found that the plaintiff was gainfully employed prior to the marriage and living in her own apartment and was, at the time of the hearing, "able-bodied, intelligent and capable to find employment." The trial court further found that the plaintiff had, at the time of the hearing, no salary other than room, board and spending money as provided by her parents and that the defendant had a net income of approximately $8,400 per year. Based upon its findings, the trial court concluded that the defendant abandoned the plaintiff on 27 October 1977. The Court also concluded that the plaintiff was not substantially dependent upon the defendant for her maintenance and support or in substantial need of maintenance and support and was not, therefore, a dependent spouse within the intent and meaning of the General Statutes of North Carolina. From the entry of judgment reflecting these findings and conclusions by the trial court, the plaintiff appealed.

*William A. Smith, Jr., for plaintiff appellant.*

*Birzon & Henry, P. A., by Nora B. Henry, for defendant appellee.*

MITCHELL, Judge.

Only a dependent spouse is entitled to alimony or alimony pendente lite. G.S. 50-16.2 and 16.3. A dependent spouse is by definition married to a supporting spouse since a dependent spouse always has a spouse "upon whom [he or she] is actually substantially dependent or from whom [he or she] is substantially in need of maintenance and support." G.S. 50-16.1(3) and (4). Conversely, a supporting spouse is by definition married to a dependent spouse. Therefore, a determination that one spouse is a supporting spouse is a determination that the other is a dependent spouse and vice versa.

A dependent spouse is "a spouse, whether husband or wife, who is actually substantially dependent upon the other spouse for his or her maintenance and support or is substantially in need of maintenance and support from the other spouse." G.S. 50-16.1(3). A wife is actually substantially dependent upon her husband for

her maintenance and support or in substantial need of support by him if she is incapable of adequately providing for herself or is capable of adquately providing for herself but does not have a reasonable opportunity to do so. *Cf. Conrad v. Conrad*, 252 N.C. 412, 113 S.E. 2d 912 (1960) (*capacity* of supporting husband to earn rather than actual earnings considered in determining amount of alimony); *Robinson v. Robinson*, 10 N.C. App. 463, 179 S.E. 2d 144 (1971) (same).

Once it is established, however, that the defendant is the plaintiff's husband and that he is capable of supporting her, the defendant is presumed to be the supporting spouse. G.S. 50-16.1(4) provides in part that, "A husband is deemed to be the supporting spouse unless he is incapable of supporting his wife." This sentence of the statute establishes a presumption that a male spouse is the supporting spouse and, conversely, that the female is the dependent spouse. *Rayle v. Rayle*, 20 N.C. App. 594, 202 S.E. 2d 286 (1974). The defendant did not seek during the hearing before the trial court, nor has he sought before this Court, to challenge this presumption on the ground that it constitutes unconstitutionally gender based discrimination. Therefore, we are not required to express an opinion here with regard to the very substantial constitutional questions which would arise should this portion of the statute be challenged on constitutional grounds. 1 Strong's North Carolina Index 3d, Appeal and Error § 3.

[1] The presumption that the husband is the supporting spouse, and thus by definition that the wife is the dependent spouse, controls until evidence has been presented tending to show that the wife is not in fact a dependent spouse. *Rayle v. Rayle*, 20 N.C. App. 594, 202 S.E. 2d 286 (1974). *See* 2 Stansbury's N. C. Evidence § 215 (Brandis Rev. 1973). *See also Davis v. Indemnity Co.*, 227 N.C. 80, 40 S.E. 2d 609 (1946). The husband has not borne his burden in such cases until he has offered evidence tending to show that his wife is neither substantially dependent upon him for her maintenance and support nor substantially in need of maintenance and support by him. G.S. 50-16.1(3). Such evidence may be presented in the form of evidence tending to show that the wife is in fact adequately supporting herself or is capable of adequately supporting herself and has a reasonable opportunity to do so but has not sought to support herself. *Cf. Conrad v. Conrad*, 252 N.C. 412, 113 S.E. 2d 912 (1960) (*capacity* of supporting

husband to earn rather than actual earnings considered in determining amount of alimony); *Robinson v. Robinson*, 10 N.C. App. 463, 179 S.E. 2d 144 (1971) (same).

[2]   The trial court in the present case found that the plaintiff wife had been gainfully employed prior to her marriage to the defendant and was "able-bodied, intelligent and capable to find employment." This finding was not sufficient, however, to support the trial court's conclusion that the plaintiff was not a dependent spouse within the meaning of G.S. 50-16.1(3), as it did not include a finding that the plaintiff had a reasonable opportunity to but did not adequately support herself.

Additionally, the evidence presented would not have supported such a finding. Evidence of a reasonable opportunity by the wife to adequately support herself might have been shown by introducing evidence, if any existed, that the plaintiff did not make reasonable efforts to obtain employment for which she was suited and which was available, that she had refused employment opportunities that were available to her, or that she had been employed in a manner which would have adequately supported her but terminated such employment in order to establish her status as a dependent spouse. As the defendant failed to offer sufficient evidence to overcome the presumption that the plaintiff was a dependent spouse, the trial court erred in concluding in the order appealed from that the plaintiff was not a dependent spouse.

We additionally note that the order appealed from was entered more than one year ago and that some change in the conditions of the parties is likely. Further, the record on appeal does not reflect any evidence with regard to the reasonable value of attorney's fees sought by the plaintiff.

For the reasons previously stated, the order of the trial court from which the plaintiff has appealed will be vacated and the cause remanded to the trial court for a new hearing with regard to the plaintiff's application for alimony pendente lite and counsel fees and for such other actions as accord with applicable law and the present status of the parties.

Vacated and remanded.

Judges MARTIN (Robert M.) and ERWIN concur.