Craven v. Craven

---

NORA L. CRAVEN v. JOHN EDGAR CRAVEN

No. 7818DC938

(Filed 3 July 1979)

**1. Divorce and Alimony § 16.6— right to alimony—sufficiency of evidence**
    Plaintiff's evidence was sufficient to show that she had a right to permanent alimony where it tended to show that she was married to defendant at the time of trial; she had no separate estate and her only income came from Social Security and Veterans Administration payments totaling $160.50 per month; her living expenses were $415.50 per month; defendant owned stock worth over $60,000, received dividends of $500 per quarter, received Social Security and Veterans Administration payments of $445.60 per month, and lived in the parties' home valued at $55,000; and defendant physically assaulted plaintiff on numerous occasions, drank alcoholic beverages to excess, and forced her to leave their home on numerous occasions by his physical assaults and verbal abuse.

**2. Evidence § 1.1; Trial § 58— findings that allegations of complaint were true—sufficient basis**
    Since the trial court judicially knew the facts alleged in plaintiff's complaint, plaintiff's testimony under oath before the trial court that the allegations as set forth in the complaint were true was sufficient to serve as a basis for the court's finding that those allegations were true.

APPEAL by defendant from *Pfaff, Judge.* Judgment entered 10 May 1978 in District Court, GUILFORD County. Heard in the Court of Appeals 14 June 1979.

The plaintiff, Nora L. Craven, instituted this action by filing a complaint against her husband, John Edgar Craven, seeking alimony pendente lite, permanent alimony and counsel fees. The defendant filed no answer in response to the plaintiff's complaint.

At trial, the plaintiff presented evidence tending to support her claim. The defendant chose not to present any evidence by way of defense. At the conclusion of the presentation of the evidence, the trial court made findings of fact and concluded that the plaintiff was entitled to permanent alimony and attorney's fees. The trial court then entered a judgment directing that the defendant pay the plaintiff $300 per month as alimony and that he pay the plaintiff's attorney $500 as attorney's fees. From the entry of that judgment, the defendant appealed.

Additional facts pertinent to this appeal are set forth in this opinion.

*Tate and Bretzmann, by C. Richard Tate, Jr., for plaintiff appellee.*

*Stephen E. Lawing for defendant appellant.*

MITCHELL, Judge.

[1] The defendant first assigns as error the failure of the trial court to grant his motion for dismissal. A motion for dismissal at the close of the plaintiff's evidence in an action tried by the court without a jury properly may be granted pursuant to G.S. 1A-1, Rule 41(b) when the plaintiff has failed to introduce evidence sufficient to show a right to relief. The plaintiff's evidence in the present case tended to show that she was married to the defendant at the time of trial, that she had no separate estate, that her only income came from a monthly Social Security payment of $125.30 and a monthly Veterans Administration payment of $35.20. The plaintiff's evidence further tended to show that her minimum living expenses were $415.50 per month, that her husband owned stock worth more than $60,000 and received dividends of $500 per quarter on that stock, that he received Social Security and Veterans Administration payments in excess of $445.60 per month and that he lived in a home owned by the parties and of a value of approximately $55,000. The plaintiff's evidence also showed that the defendant physically assaulted the plaintiff on numerous occasions, drank alcoholic beverages to excess and forced her to leave their home on numerous occasions by his physical assaults and verbal abuse. Such evidence, if believed, was sufficient to show that the plaintiff had a right to the relief she sought. *See* G.S. 50-16.2; *Galloway v. Galloway*, 40 N.C. App. 366, 253 S.E. 2d

Craven v. Craven

41 (1979); 2 Lee, N.C. Family Law § 135 (3rd ed. Supp. 1976). Therefore, the trial court properly denied the defendant's motion and the assignment of error is overruled.

[2]   The defendant next assigns as error the findings of fact of the trial court and contends that those findings were not supported by the evidence. At trial the plaintiff testified that the allegations of fact contained in her complaint were true. She also testified that certain of the monthly payments to her had been increased slightly since the filing of the complaint. The defendant argues that, as the complaint was not introduced into evidence, the plaintiff's testimony in this regard was irrelevant, without probative value and did not support the trial court's findings. We do not agree.

A trial court "judicially knows its own records in the suit being tried." *Gaskins v. Insurance Co.*, 260 N.C. 122, 124, 131 S.E. 2d 872, 874 (1963). *Accord, Harrington v. Wadesboro*, 153 N.C. 437, 69 S.E. 399 (1910); 6 Strong's N.C. Index, Evidence § 1.1. Therefore, the trial court judicially knew the facts alleged in the plaintiff's complaint, which was a part of the trial court's own records in this case. The plaintiff having testified under oath before the trial court that the allegations as set forth in the complaint and known to the court were true, the plaintiff's evidence was sufficient to serve as a basis for the trial court's finding that those allegations were true. Viewing the facts alleged in the complaint and the testimony of the plaintiff in such manner, we find that in this case tried by the court without a jury the trial court's material findings of fact were fully supported by the plaintiff's evidence. The defendant's assignment of error is overruled.

The judgment of the trial court is

Affirmed.

Judges MARTIN (Robert M.) and WEBB concur.